Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6646 | **DATE** | 7/21/2003 |
| **CASE TITLE** | Carol Currie vs. Brown & Joseph, Ltd., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We grant defendants' motion to dismiss (12-1) Counts I through V for lack of subject matter jurisdiction and Counts VI through XXI for lack of supplemental jurisdiction. The status hearing set for 10/2/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 2 2 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 21 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/21/2003 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROL CURRIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 02 C 6646 |
| | ) |
| BROWN & JOSEPH, LTD., CHRIS | ) |
| CAPPUCCILLI, THOMAS MCGRATH, | ) |
| DAVID ARTRIP AND SUSAN CAPPUCCILLI, | ) |
| | ) |
| Defendants. | ) JUL 2 2 2003 |
| | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff, Carol Currie, filed a twenty-one count Amended Complaint against Defendants Brown & Joseph, Ltd. ("Brown & Joseph"), Chris Cappuccilli, Thomas McGrath, David Atrip, and Susan Cappuccilli (the "Individual Defendants"). The first five counts of Currie's Amended Complaint allege violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*, and Section 1981 of the Civil Rights Act of 1981 ("Section 1981"), 42 U.S.C. §1981, for discrimination based on sex (Count I), discrimination based on sexual harassment (Count II), religious discrimination (Count III), hostile work environment (Count IV), and retaliation (Count V). Counts VI through XXI allege state law claims against Brown & Joseph as well as the Individual Defendants.[1] Presently before us is Defendants' motion to dismiss Counts I through V for lack of subject matter jurisdiction and Counts

---

[1] Currie's sixteen state law claims include: assault (Counts VI and VII); breach of contract (Count VIII); breach of the Illinois Sales Representative Act, 820 ILCS §120/2 (Count IX); accounting (Count X); conspiracy (Count XI); defamation (Counts XII and XIII); invasion of privacy (Counts XIV, XV, XVI, and XVII); intentional infliction of emotional distress (Counts XVIII and XIX); tort of outrage (Counts XX and XXI).

VI through XXI for lack of supplemental jurisdiction. For the reasons set forth below, we grant Defendants' motions.

## I. BACKGROUND

The following facts are taken from Plaintiff's complaint and are deemed true for the purposes of this motion. *See MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). On May 24, 1999, Currie entered into an agreement with Brown & Joseph, a commercial collection agency and receivable outsource company, to provide services to the company as an independent contractor. Brown & Joseph employed Currie in that capacity from May 24, until it discharged her on December 10, 2001. During the course of her employment, Chris Cappuccilli, an agent of Brown & Joseph and Currie's manager, made comments to co-workers and clients about the size of Currie's breasts. He also called Currie a "greedy Jew bitch," a "greedy Jew whore," and a "Democrat looking for entitlements." On one occasion, he told Currie that women in her line of work "do not make the kind of money" she was earning at the time.

Although Currie told Chris Cappuccilli that she objected to his behavior, he continued to make comments about her. After Currie had spoken to Cappuccilli regarding his statements, he attempted to force her into becoming a Brown & Joseph employee, rather than an independent contractor, without the benefit of a written contract or other defined terms. When Currie refused employment, Chris Cappuccilli told her to "pack her shit and go," thereby terminating Currie's employment as an independent contractor. Currie filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Currie a Right to Sue Letter on June 24, 2002. Currie filed a complaint on September 18, 2002, which she amended on November 20, 2002. Defendants filed their motion to dismiss on April 3, 2003.

## II. ANALYSIS

### A. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(1) is to decide the adequacy of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. *In re Chicago, Rock Island & Pacific R..R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a motion to dismiss for lack of subject matter jurisdiction, the Court may look beyond the complaint to other evidence submitted by the parties to determine whether subject matter jurisdiction exists. *See United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). The plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met. *See Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

### B. Discussion

#### 1. *Counts I - V*

Currie's Amended Complaint asserts that we have jurisdiction over Counts I through V pursuant to Title VII and Section 1981. We disagree. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2. Title VII's protections do not extend to independent contractors. *See Worth v. Tyer*, 276 F.3d 249, 262 (7th Cir. 2001); *see also Ost v. West Suburban Travelers Limousine, Inc.*, 88 F.3d 435, 440 (7th Cir. 1996); *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 380 (7th Cir. 1991). Currie's Amended Complaint clearly

states that Brown & Joseph employed her as an "independent contractor." Currie further states "there is no doubt Plaintiff, Carol Currie, was an independent contractor in her relationship with Defendant, Brown & Joseph, Ltd." Resp. at 6. Accordingly, we find that Currie has failed to meet her burden of proof that we have jurisdiction over Counts I through V of her complaint under Title VII.

Currie has similarly failed to meet her burden of proof that we have jurisdiction over Counts I through V of her complaint under Section 1981. Section 1981 protects specific rights, including those rights relating to contract formation and enforcement, against racial discrimination only. *See Bratton v. Roadway Package Sys., Inc.*, 77 F.3d 168, 177 (7th Cir. 1996); *see also Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 50 (7th Cir. 1984). Currie's Amended Complaint does not allege that Defendants' discriminated against her on account of her race. As Currie concedes, "[o]bviously, Plaintiff cannot recover under §1981, as no racial discrimination has been alleged or plead in the First Amended Verified Complaint." Resp. at 6.

Currie nonetheless argues that she can recover under 42 U.S.C. §1981a ("Section 1981a"). We disagree. Section 1981a provides in part:

> In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-5, 2000e-16) against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704 or 717 of the Act (42 U.S.C. 2000e-2, 2000e-3, 2000e-16), and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages . . . from the respondent.

Currie asserts that Congress' "adoption of 42 U.S.C. §1981a has broadened the scope of §1981 to include actions of discrimination by employers of independent contractors based upon race, sex, sexual harassment, religion and creating a hostile work environment as a result of such discrimination, among other factors." Resp. at 6. In support of her assertion, Currie cites only to the First Circuit's ruling in *Danco v. Wal-Mart*, 178 F.3d 8 (1st Cir. 1999). However, the *Danco* court merely held that

4

independent contractors could bring hostile work environment claims based on racial discrimination under Section 1981. *See id.* at 178 F.3d at 13-14. *Danco* did not alter the long-standing interpretation that Section 1981 applies to racial discrimination only. To the contrary, the First Circuit explained that Section 1981 "protects only certain specified rights, including the right to make and enforce contracts, and it protects them only against racial discrimination." *Id.* at 13. Courts in this jurisdiction have continued to similarly interpret Section 1981 since the *Danco* decision. *See Riley v. UOP LLC*, 244 F.Supp.2d 928, 936 (N.D. Ill. 2003); *see also Johnson v. Fed. Express Corp.*, 2001 WL 725400, *6 (N.D. Ill. 2001); *Robinson v. Sabis Education Systems, Inc.*, 1999 WL 414262, *11 (N.D. Ill. 1999).

Section 1981a does not provide an independent ground for relief on which Currie may rely. *See Wojciechowski v. Emergency Technical Serv. Corp.*, 1995 WL 603186, *2 (N.D. Ill. 1995). Rather, it is a damages provision that permits the recovery of compensatory and punitive damages for intentional violations of Title VII. *See* §1981a; *see also E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 287, 122 S.Ct. 754, 760, 151 L.Ed.2d 755 (2002). The adoption of Section 1981a was limited to the expansion of compensatory remedies available under Title VII. *See Pollard v. E.I. DuPont de Nemours & Co.*, 532 U.S. 843, 852, 21 S.Ct. 1946, 1951, 150 L.Ed. 2d 62 (2001). In order to recover under Section 1981a, Currie must have a valid claim under Title VII. However, as Currie herself admits, she does not have a claim under Title VII because of her status as an independent contractor. In light of Currie's failure to establish that we have subject matter jurisdiction over her federal law claims, we dismiss Counts I through V of her Amended Complaint.

2. *Counts VI - XXI*

Currie's Amended Complaint contends that we have supplemental jurisdiction over Counts VI through XXI pursuant to 28 U.S.C. §1367(a). 28 U.S.C. §1367 states, in relevant part: (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil

action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if: (3) the district court has dismissed all claims over which it has original jurisdiction. We exercise our discretion under 28 U.S.C. 1367(c), and dismiss without prejudice Counts VI through XXI of Currie's Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, we grant Defendants' motion to dismiss Counts I through V for lack of subject matter jurisdiction and Counts VI through XXI for lack of supplemental jurisdiction.[2] It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 7/21/03

---

[2] In light of our ruling regarding Defendants' motion to dismiss Counts I through V for lack of subject matter jurisdiction, we deny as moot Defendants' motion to dismiss Counts I and III for failure to state a claim upon which relief may be granted.